UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at LONDON)

| | |
|---|---|
| MICHAEL WAYNE COUCH,<br><br>   Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF KENTUCKY DEPTARTMENT OF CORRECTIONS, *et al.*,<br><br>   Defendants. | Civil Action No. 6: 23-CV-088-CHB<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Michael Wayne Couch is a pretrial detainee at the Clay County Detention Center in Manchester, Kentucky. Proceeding without an attorney, Couch recently filed a civil rights complaint with this Court pursuant to 42 U.S.C. § 1983. [R. 1]. That pleading is before the Court on initial screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

Couch appears to name the Commonwealth of Kentucky's Department of Corrections ("KDOC") and its Commissioner, Cookie Crews, as defendants, and he asserts multiple factual allegations related to sleeping mats. [R. 1, p. 1–3]. Couch first complains about the Clay County Detention Center Jailer, who he alleges is "taking people's sleeping mats when they are placed in 'the hole,'" as well as an alleged Department of Corrections policy, which he alleges allows jailers to take mats from inmates "as long as they provide them 8 hours a day." *Id.* at 2. Couch then separately alleges that, after he "was beaten by jail staff last year," he was "thrown into a 1-man cell naked and with no mat and a head full of staples." *Id.* at 3. Couch claims that these alleged facts amount to constitutional violations. *See id.* at 2–4. For relief, Couch says he wants the

Department of Corrections "made aware of people's" rights, "the policy changed concerning this issue," and "one million dollars in damages." *Id.* at 8.

The Court has fully reviewed Couch's complaint but will dismiss his claims against the two named defendants. As an initial matter, to the extent that Couch is seeking monetary damages from the KDOC and/or its Commissioner in her official capacity, his claims are simply unavailing. As this Court has explained, "as an agency of the Commonwealth of Kentucky, the KDOC is not subject to suit for money damages under § 1983 in federal court." *Bell v. Kenney*, No. 5:20-cv-164-DLB, 2020 WL 2309246, at *2 (E.D. Ky. May 8, 2020) (citations omitted). Indeed, the Eleventh Amendment deprives this Court of subject matter jurisdiction over a claim for money damages against the KDOC and its Commissioner in her official capacity. *See Doe v. DeWine*, 910 F.3d 842, 848 (6th Cir. 2018). Thus, the Court will dismiss those claims without prejudice.

It is true that the Eleventh Amendment would not prevent Couch from seeking some sort of injunctive relief to prevent a state entity or official from actively violating his constitutional rights. *See Coleman v. Department of Corrections*, No. 3:23-cv-00013-GFVT, 2023 WL 2573868, at *2 (E.D. Ky. 2023). However, as best as the Court can tell, Couch is not pursuing such a claim. After all, at one point, Couch indicates that he filed an administrative grievance and prison officials "stopped taking mats here." [R. 1, p. 6]. Couch, however, suggests that mats are still being taken away from other inmates "at other facilities," and he says that "no one should be treated this way." *Id.* In other words, Couch appears to be trying to pursue claims against the KDOC and/or its Commissioner on behalf of other inmates, and that is simply not proper. *See, e.g., Crawford v. United States Dep't of Treasury*, 868 F.3d 438, 455 (6th Cir. 2017) ("Generally, a plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or

2

interests of third parties." (citations and quotation marks omitted)). Still, given the lack of clarity regarding Couch's allegations, the Court will dismiss his related claims without prejudice.

To the extent that Couch is pursuing other legal claims against the Commissioner, the Court will dismiss those claims without prejudice as well. That is because Couch has not clearly asserted any factual allegations against the Commissioner directly. In other words, Couch has not alleged, with any specificity, what the Commissioner did or failed to do to cause him harm. Moreover, to the extent that Couch suggests that the Commissioner is liable merely because she is a supervisory official with the KDOC, the United States Court of Appeals for the Sixth Circuit has made it clear that, in a civil rights case, "liability must be based on more than respondeat superior, or the right to control employees." *Johnson v. Aramark*, 482 F. App'x 992, 993 (6th Cir. 2012) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)) (internal quotation marks omitted). Thus, at least as currently drafted, Couch's complaint fails to state a claim against the Commissioner.

Finally, the Court notes for the record that Couch continues to pursue several other cases in this district. This includes a separate matter (related to sleeping mats) against the Clay County Detention Center Jailer, *see Couch v. Smallwood, et al.*, No. 6:23-cv-00082-KKC (E.D. Ky. 2023), as well as another matter (related to an alleged assault last year) against certain prison employees, *see Couch v. Clay County Detention Center, et al.*, No. 6:23-cv-00046-KKC (E.D. Ky. 2023). This order does not adjudicate the issues pending in those ongoing actions.

Accordingly, it is **ORDERED** as follows:

1. Couch's claims [**R. 1**] are **DISMISSED** without prejudice for the reasons stated above.
2. This action is **STRICKEN** from the Court's docket.
3. The Court will enter a corresponding Judgment.

Dated:  May 30, 2023

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

4